UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN EMERSON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>KRISTA MITCHELL,<br><br>　　　　　Defendant. | No. 2:18-cv-02200-TLN-DB<br><br>***SUA SPONTE* REMAND ORDER** |

This matter is before the Court pursuant to Defendant Krista Mitchell's ("Defendant") Notice of Removal. (ECF No. 1.) For the reasons set forth below, Defendant's *Ex Parte* Motion to Dissolve the Temporary Restraining Order (ECF No. 3) and Defendant's Motion for Judgment on the Pleadings (ECF No. 4) are DENIED AS MOOT, and the Magistrate Judge's Findings and Recommendations (ECF No. 8) are VACATED. The Court hereby REMANDS the action *sua sponte* to the Superior Court of California, Yolo County, due to lack of subject matter jurisdiction.

///
///
///
///

1

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Kathleen Emerson and Daniel R. Enos ("Plaintiffs") live in Woodland, California. (ECF No. 1 at 102.) Defendant lives in Davis, California. (ECF No. 1 at 1.) On April 23, 2018, Plaintiffs filed in Yolo County Superior Court a request for a temporary civil restraining order against Defendant, which request the superior court granted. (ECF No. 1 at 2.) On June 22, 2018, Plaintiffs requested a permanent civil restraining order against Defendant. (ECF No. 1 at 111.) Defendant, proceeding *pro se*, then removed the action to this Court on August 13, 2018. (ECF No. 1.) Thereafter, Defendant filed an *ex parte* motion to dissolve the temporary restraining order, (ECF No. 3), as well as a motion for judgment on the pleadings, (ECF No. 4). On October 3, 2018, the Magistrate Judge issued Findings and Recommendations on two issues, including whether removal was proper. (ECF No. 8.) Before the Court had an opportunity to adopt or reject the Magistrate Judge's recommendations, Defendant retained counsel and the action was referred to this Court on October 17, 2018. (ECF No. 16.)

II.   **STANDARD OF LAW**

28 U.S.C. § 1441 permits the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

"[R]emoval statutes are strictly construed against removal. A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (internal citation omitted). Furthermore, "[i]f the district court at any time determines that it lacks [subject matter] jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing 28 U.S.C. § 1447), as amended, 387 F.3d 966 (9th Cir. 2004).

III.   **ANALYSIS**

A.   Grounds for Removal

Defendant provides in the notice of removal that this Court has jurisdiction pursuant to 28

U.S.C. §§ 1443(1) and 1455. (ECF No. 1 at 2.) Regarding 28 U.S.C. § 1443(1), Defendant contends removal was proper because she was denied her rights by the Superior Court of California, Yolo County, on account of her race. (ECF No. 1 at 2.) Turning to 28 U.S.C. § 1455, Defendant alleges removal was proper because the instant civil action has turned into a criminal prosecution. (ECF No. 1 at 2.) In Defendant's objections to the Magistrate Judge's Findings and Recommendations, Defendant argues removal was proper under 28 U.S.C. § 1331 because the present action hinges on a violation of federal tax law. (ECF No. 17 at 3, 5.) The Court will address each argument in turn.

        *i.*        *Removal Under 28 U.S.C. § 1443(1)*

Removal under 28 U.S.C. § 1443(1) requires meeting a two-part test: (1) "the [defendant] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights"; and (2) "[defendant] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (internal citation omitted).

First, this action is not a criminal prosecution. (*See* ECF No. 1 at 2.) Second, even assuming Defendant is able to meet the first prong of the test outlined above, Defendant fails to meet the second prong. While Defendant mentions California Penal Code sections 21a and 646.9 and California Code of Civil Procedure sections 527.6 and 2015.5, (ECF No. 1 at 2, 5, 7; ECF No. 17 at 9, 10), Defendant does not explain how these laws, or any other California law, command the Yolo County Superior Court to ignore Defendant's federal rights. *See Azam v. U.S. Bank, N.A.*, 690 F. App'x 484, 486 (9th Cir. 2017) (affirming bankruptcy court's remand when the removal petition cited various state laws, but "d[id] not and could not explain how those laws commanded the state court to ignore her civil rights").

While 28 U.S.C. § 1443(1) "normally requires that the denial [of federal rights] be manifest in a formal expression of state law," there are "unusual case[s] where an equivalent basis could be shown for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court . . . ." *Johnson v. Mississippi*, 421 U.S. 213,

3

219 (1975) (internal quotations and citations omitted). Defendant fails to demonstrate there is an equivalent basis for predicting that she would be denied or cannot enforce her federal rights in Yolo County Superior Court. Instead, Defendant makes conclusory statements that the state court denied Defendant her civil rights. (*See, e.g.*, ECF No. 1 at 2–4.) These conclusory statements are inadequate to make removal proper under 28 U.S.C. § 1443(1). *Bogart v. People of State of Cal.*, 355 F.2d 377, 381 (9th Cir. 1966); *U.S. Bank Tr., N.A. v. Lukowski*, No. 17-CV-03112-JSW, 2017 WL 3224562, at *2 (N.D. Cal. July 28, 2017). Accordingly, removal was not proper under 28 U.S.C. § 1443(1).

### ii. Removal Under 28 U.S.C. § 1455

Defendants may remove criminal prosecutions in certain circumstances under 28 U.S.C. § 1455. However, as Defendant herself states, this case involves a temporary civil restraining order, (ECF No. 1 at 2), and not a criminal prosecution. Accordingly, removal was not proper under 28 U.S.C. § 1455.

### iii. Removal Under 28 U.S.C. § 1331

"[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiffs' claims for relief do not implicate any federal law or statute. Instead, Plaintiffs seek a civil restraining order under California law. (ECF No. 1 at 111.) Defendant attempts to invoke federal question jurisdiction by arguing Plaintiffs seek a civil restraining order based on a violation of federal tax law. (ECF No. 17 at 5.) However, this argument strains reason. Plaintiffs' alleged reasons for seeking a restraining order had nothing to do with any federal tax law violation, but rather Defendant's harassment and stalking. (ECF No. 1 at 102–111.) To the extent a federal tax law violation might provide a purported defense or counterclaim, federal court jurisdiction must be apparent on the face of the complaint and therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v.*

*Discover Bank*, 556 U.S. 49, 60–61 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009). Accordingly, removal was not proper under 28 U.S.C. § 1331.

                        *iv.*      *Removal Under 28 U.S.C. § 1332*[1]

Finally, district courts also have original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Here, the parties appear to be citizens of the same state—California—and neither party has claimed otherwise. (ECF No. 1 at 1, 102.) Accordingly, removal was not proper under 28 U.S.C. § 1332.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby REMANDS this action to the Superior Court of California, Yolo County. Consequently, Defendant's *Ex Parte* Motion to Dissolve the Temporary Restraining Order (ECF No. 3) and Motion for Judgment on the Pleadings (ECF No. 4) are DENIED AS MOOT, and the Magistrate Judge's Findings and Recommendations (ECF No. 8) are VACATED.

IT IS SO ORDERED.

Dated: March 28, 2019

                                              Troy L. Nunley
                                              United States District Judge

---

[1] Defendant does not explicitly argue for diversity jurisdiction, but the Court nevertheless addresses it here to foreclose any argument that it exists in this case.